**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**STEVEN P. GREER,**
       **Plaintiff,**

**vs.**                                            **Case No. 5:10cv140/RS/MD**

**ROBERT A. PELL,**
       **Defendant.**

_____

**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff was granted leave to proceed *in forma pauperis* (doc. 8), and has paid the initial partial filing fee.  (Doc. 10).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court must review his amended complaint to determine if it is "(I) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728,

1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is an inmate of the Florida penal system currently confined at Holmes Correctional Institution. He is suing Robert A. Pell, an Assistant State Attorney, claiming that Mr. Pell violated his procedural due process rights in connection with a motion Pell filed in plaintiff's underlying criminal case. Specifically, plaintiff alleges that on November 13, 2009, Pell filed a motion to correct sentence seeking to have plaintiff designated a sexual predator. Mr. Pell's motion incorrectly alleged plaintiff had a prior conviction for lewd and lascivious battery. After Mr. Pell was twice notified by plaintiff that that was incorrect, Pell failed to withdraw his motion until April 7, 2010, after plaintiff filed a complaint with the Florida Bar. As relief for the alleged constitutional violation, plaintiff seeks $30 million in punitive damages. (Doc. 1).

It is apparent from the face of the complaint that prosecutorial immunity bars recovery on plaintiff's claim. A prosecutor is entitled to absolute immunity for all actions performed within the scope of the prosecutor's role as a government advocate. *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993)). In determining whether a prosecutor's challenged actions were taken in the scope of his role as a state advocate, the court examines the function and nature of the act. *Buckley*, 509 U.S. at 269. The initiation and pursuit of a criminal prosecution, appearances before the court and other in-court activity, including examining witnesses and presenting evidence, are classic examples of actions that are taken by a prosecutor in performing his role as a government advocate. *See Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"); *Elder v. Athens-Clarke County, Ga. Through O'Looney*, 54 F.3d 694, 695 (11th Cir. 1995) ("A prosecutor's decision to bring charges against a person, so long as the prosecutor is acting within the scope and territorial jurisdiction of his office, is immune from an action for damages under § 1983." (citing *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . .") (quotations omitted); *see also Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279-80 (11th Cir. 2002) (holding that a prosecutor remains absolutely immune for knowingly proffering perjured testimony and fabricated exhibits at trial).[1]

---

[1] Absolute immunity may leave a "genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427, 96 S.Ct. 984. However, remedies available during a prosecution and after trial and the threat of criminal

In the instant case, plaintiff seeks damages against defendant Pell for actions Pell took in his role as a government advocate, namely, moving to have plaintiff designated a sexual predator.  Even though plaintiff alleges Pell failed to promptly withdraw the motion after learning there was no factual basis for it, Pell is, nevertheless, entitled to prosecutorial immunity. Thus, this suit must be dismissed.[2]

Accordingly, it is respectfully RECOMMENDED:

1.   That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

---

and professional sanction offer some deterrence and avenue of punishment for a prosecutor's willful conduct.  *See Imbler*, 424 U.S. at 427-29, 96 S.Ct. 984.  In this case, plaintiff pursued those remedies and obtained his desired result – withdrawal of Pell's motion.

[2] Even if this action were not barred by prosecutorial immunity, it would still be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  The Prison Litigation Reform Act provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The Eleventh Circuit addressed the implications of § 1997e(e) and concluded that "the phrase 'Federal civil action' means all federal claims, including constitutional claims."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).

This action,  brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is undisputed that plaintiff filed his complaint while imprisoned, and that the harm complained of occurred while he was in custody.  Plaintiff seeks punitive damages for the alleged constitutional violation.  However, the complaint alleges no physical injury resulting from defendant Pell's conduct.  Therefore, while imprisoned plaintiff is prohibited under the PLRA from bringing his claims for punitive damages, and this case would be dismissed. *See Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e), but vacating and remanding with directions to enter dismissal without prejudice); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (stating that under Eleventh Circuit case law, § 1997e(e) precludes an inmate's claims for compensatory and punitive damages); *Hale v. Secretary for Dep't of Corrections*, No. 08-15754, 348 Fed. Appx. 489, 491-92 (11th Cir. Sept. 21, 2009) (same); *Quinlan v. Personal Transport Servs., Co.*, No. 08-14121, 329 Fed. Appx. 246, 249 (11th Cir. June 5, 2009) ("Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than *de minimis* physical injury."); *Frazier v. McDonough*, No. 07-13986, 264 Fed. Appx. 812, 815 (11th Cir. Feb. 6, 2008) (same); *Asad v. Crosby*, No. 04-13825, 158 Fed. Appx. 166, 168 n. 1 (11th Cir. Nov. 9, 2005) (affirming dismissal of punitive damages claims under 42 U.S.C. § 1997e(e) where the plaintiff did not assert any actual physical injury resulting from the defendants' conduct).

**2. That the clerk be directed to close the file.**

**At Pensacola, Florida, this 14ᵗʰ day of January, 2011.**


/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11ᵗʰ Cir. 1988).**